UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      Case Number 05-20044
                                      Honorable David M. Lawson

NATHAN ZAIN OMAR,

        Defendant.

_____/

## ORDER DENYING MOTION FOR RESENTENCING

On December 12, 2006, this Court sentenced the defendant in this case, Nathan Zain Omar, to a term of 151 months on his conviction for possession with intent to distribute 50 grams or more of cocaine base and to a term of sixty months for possession of a firearm during the furtherance of a drug trafficking crime, with the terms to be served consecutively. On June 10, 2009, the defendant filed a motion for resentencing under Rule 60(b)(2) of the Federal Rules of Civil Procedure alleging errors in calculation of his sentencing guidelines.

The defendant's motion must be denied because the Federal Rules of Civil Procedure do not apply in criminal cases. *See* Fed. R. Civ. P. 1 ("These rules govern the procedure in all *civil* actions and proceedings in the United States district courts. . . .") (emphasis added). Instead, the defendant may seek relief under 28 U.S.C. § 2255, which authorizes a court to set aside or correct a federal sentence imposed "in violation of the Constitution or laws of the United States." However, in view of strict limitations on availability of such relief contained in the Antiterrorism and Effective Death Penalty Act of 1996, this Court is not free to "recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or

(b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized." *In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002) (quoting *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998)).  The Court will not recharacterize the defendant's motion as the one filed under section 2255 and will instead leave it to the defendant to file an appropriate motion to vacate his sentence.

Accordingly, it is **ORDERED** that the defendant's motion for resentencing [dkt # 52] is **DENIED**.

        s/David M. Lawson
        DAVID M. LAWSON
        United States District Judge

Dated: June 12, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 12, 2009.

        s/Diane C. Opalewski
        DIANE C. OPALEWSKI