UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                Case Number 05-20044
                                Honorable David M. Lawson

v.

NATHAN ZAIN OMAR,

       Defendant.

_____/

## ORDER DENYING MOTION TO REDUCE SENTENCE

On June 3, 2013, defendant Nathan Zain Omar filed his to reduce sentence under 18 U.S.C. § 3582(c)(2). He asks the Court retroactively to apply the reduced crack cocaine sentencing guidelines enacted under the Fair Sentencing Act of 2010, citing principally the decision of the Sixth Circuit in *United States v. Blewett*, 719 F.3d 482 (6th Cir. 2013). However, on July 11, 2013, the Sixth Circuit granted the government's petition for rehearing *en banc* in *Blewett*. Upon rehearing, the Sixth Circuit held that "(1) the Fair Sentencing Act's new mandatory minimums do not apply to defendants sentenced before it took effect; (2) § 3582(c)(2) does not provide a vehicle for circumventing that interpretation; and (3) the Constitution does not provide a basis for blocking it." *United States v. Blewett*, 746 F.3d 647, 650 (6th Cir. 2013) (*en banc*).

The defendant pleaded guilty to possession of 50 grams or more of cocaine base with the intent to distribute and possession of a firearm in furtherance of a drug trafficking crime. On November 30, 2006, the Court sentenced the defendant to 151 months imprisonment for the drug conviction and 60 months for the firearm conviction, to be served consecutively.

On October 15, 2009, the Court granted the petitioner's motion to reduce sentence under 18 U.S.C. § 3582(c)(2) and reduced the petitioner's sentence for possession of cocaine base with intent to distribute to 131 months imprisonment. The consecutive sentence for the firearm violation remained the same.

On July 28, 2011, the petitioner filed a motion for preservation of rights under the Fair Sentencing Act, which the Court denied on August 8, 2011.

The Court reduced the petitioner's sentence on the drug charge again on March 13, 2012, this time to 120 months imprisonment, on the petitioner's motion to reduce sentence under 18 U.S.C. § 3582(c)(2). Once again, the 60-month consecutive sentence remained.

On July 30, 2012, the petitioner filed a motion to vacate or correct sentence under 28 U.S.C. § 2255. In that motion he asked the Court retroactively to apply the Fair Sentencing Act's reduced crack-cocaine-to-powder-cocaine sentencing ratio. The Court denied that motion on August 29, 2012, because the Sixth Circuit had held that the Fair Sentencing Act does not apply retroactively to a defendant who already had been sentenced when it took effect. *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010). In his present motion, the petitioner asks the Court to reduce his sentence under the authority of the original panel decision in *Blewett*, which was contrary to the holding in *Carradine*. However, that panel decision was vacated, and the Sixth Circuit, in its later *en banc* decision, reaffirmed the rule that "the Fair Sentencing Act's new mandatory minimums do not apply to defendants sentenced before it took effect." *Blewett*, 746 F.3d at 650. Omar was sentenced on November 30, 2006, before the Fair Sentencing Act took effect, and the reduced mandatory minimums imposed under the Act therefore do not apply to him.

Accordingly, it is **ORDERED** that the defendant's motion to reduce sentence [dkt. #81] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 23, 2016

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 23, 2016.

s/Susan Pinkowski
SUSAN PINKOWSKI