UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHAN ZAIN OMAR,

        Petitioner,

v.

                          Criminal Case Number 05-20044
                          Civil Case Number 12-14931
                          Honorable David M. Lawson

UNITED STATES OF AMERICA,

        Respondent.

_____/

## ORDER TRANSFERRING SECOND OR SUCCESSIVE MOTION TO VACATE SENTENCE TO THE UNITED STATES COURT OF APPEALS

This matter is before the Court on the petitioner's motion to vacate his sentence. The petitioner previously filed such a motion, which the Court denied. Because the present motion is his third motion filed under 28 U.S.C. § 2255, the Court must transfer the case to the court of appeals for a determination whether the petitioner may file a successive motion. 28 U.S.C. §§ 2255(h), 2244(b)(3)(A).

In his present motion, the petitioner contends that his sentence must be vacated under the rule announced in the Supreme Court's recent holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In that decision, the Court concluded that the "residual clause" of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), which defines the term "violent felony" to include any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague, and that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." 135 S. Ct. at 2563.

On October 15, 2009, the Court granted the petitioner's motion to reduce sentence under 18 U.S.C. § 3582(c)(2) and reduced the petitioner's sentence for possession of cocaine base with intent to distribute to 131 months imprisonment. The consecutive sentence for the firearm violation remained the same.

On July 28, 2011, the petitioner filed a motion for preservation of rights under the Fair Sentencing Act, which the Court denied on August 8, 2011.

The Court reduced the petitioner's sentence on the drug charge again on March 13, 2012, this time to 120 months imprisonment, on the petitioner's motion to reduce sentence under 18 U.S.C. § 3582(c)(2). Once again, the 60-month consecutive sentence remained.

On July 30, 2012, the petitioner filed a motion to vacate or correct sentence under 28 U.S.C. § 2255. In that motion he asked the Court retroactively to apply the Fair Sentencing Act's reduced crack-cocaine-to-powder-cocaine sentencing ratio. The Court denied that motion on August 29, 2012, because the Sixth Circuit had held that the Fair Sentencing Act does not apply retroactively to a defendant who already had been sentenced when it took effect. The defendant filed a second motion to reduce sentence, citing the contrary holding of the Sixth Circuit's panel decision in *United States v. Blewett*, 719 F.3d 482 (6th Cir. 2013). The Court denied that second motion after the Sixth Circuit vacated the panel decision and, in a later *en banc* ruling, reaffirmed the rule that "the Fair Sentencing Act's new mandatory minimums do not apply to defendants sentenced before it took effect." *United States v. Blewett*, 746 F.3d 647, 650 (6th Cir. 2013) (*en banc*).

An individual seeking to file a second or successive motion under section 2255 must first ask the court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998).

Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). When a defendant files a second or successive motion to vacate his sentence in the district court without preauthorization from the court of appeals, the district court must transfer the motion papers to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

The petitioner cannot proceed with his present motion without first obtaining permission to file a second or successive motion to vacate or correct sentence from the court of appeals. Therefore, the Clerk of Court is ordered to transfer the motion papers to the court of appeals pursuant to *In re Sims* and 28 U.S.C. § 1631.

Accordingly, it is **ORDERED** that the petitioner's motion to vacate sentence [dkt. #84] is **DENIED WITHOUT PREJUDICE** for want of jurisdiction.

It is further **ORDERED** that the Clerk of Court shall transfer the motion to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   March 23, 2016

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 23, 2016.

                s/Susan Pinkowski
                SUSAN PINKOWSKI